[No. B122829 Second Dist., Div. Four. Sept. 30, 1998.]

JOHN FAIRLEY, Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent;
CITY OF LONG BEACH et al., Real Parties in Interest.

**COUNSEL**

Robert Mann, Donald W. Cook and Adam Axelrad for Petitioner.

No appearance for Respondent.

Robert E. Shannon, City Attorney, and Daniel S. Murphy, Deputy City Attorney, for Real Parties in Interest.

**OPINION**

**VOGEL (C. S.), P. J.—**

### INTRODUCTION

Petitioner John Fairley seeks a writ of mandate to compel the respondent superior court to order real parties in interest, the City of Long Beach and the Doe respondents (referred to hereafter as the City), to provide petitioner with all documents relating to his arrest, pursuant to his request for the documents under the California Public Records Act (CPRA). (Gov. Code, § 6250 et seq.)[1] The trial court denied the writ on the basis that the documents at issue were exempted from disclosure under the "pending litigation" provision found in section 6254, subdivision (b), which is discussed below.

The City has filed a return to the writ petition accompanied by apparently all of the requested documents, acknowledging that litigation is no longer pending between it and petitioner. The City therefore requests that we dismiss the writ petition as moot; however, we decline to do so. It remains to be determined whether the pending litigation exemption was ever applicable to the disputed documents. If the pending litigation exemption, or another exemption relied upon by real party in interest in the trial court but not considered by the trial court or raised here (§§ 6254, subd. (f) and 6255), was never properly applicable, petitioner will be entitled to recover statutory attorney fees and costs he incurred in petitioning the trial court to obtain the requested documents. (§ 6259, subd. (d).) Because we conclude that the trial court misconstrued the pending litigation exemption, we remand the matter to the trial court to reevaluate the disputed documents in view of the opinions expressed below.

### FACTUAL AND PROCEDURAL BACKGROUND

Petitioner was arrested by City police officers on April 26, 1997. On February 3, 1998, petitioner requested from the City any police department

---

[1] All further statutory references are to the Government Code, unless otherwise indicated.

reports concerning his arrest, including any crime reports, arrest reports, evidence reports, use of force reports, canine reports, officer-involved shooting reports, and follow-up reports. His request was denied on February 10, 1998, without explanation.

On March 20, 1998, petitioner filed a verified petition and motion for order seeking to compel the City to disclose the records concerning petitioner's arrest, pursuant to the CPRA. (§ 6250 et seq.) The City filed an answer and opposition to the petition on April 9, 1998. Therein the City contended that the records were exempt from disclosure pursuant to section 6254, subdivisions (b) (pending litigation) and (f) (arrest or complaint records). The City also asserted that the records were exempt from disclosure pursuant to section 6255, in that the public interest served by not making the records public clearly outweighed the public interest served by disclosure of the records.[2] Petitioner filed a reply to the City's opposition on April 14, 1998.

A hearing on the petition was held by the trial court on April 16, 1998. At the conclusion of the hearing, the court ordered the City to disclose the disputed records or show cause why it should not do so (§ 6259, subd. (a)) by filing further opposition to the petition identifying each document in its possession and making a particularized showing why each document is exempted from disclosure. The City was also ordered to make the documents available to the court for in camera inspection prior to the hearing on the order to show cause.

The City submitted its further opposition, again relying on section 6254, subdivisions (b) and (f) to justify withholding the documents, and specifying that it had in its possession an arrest report, a citizen's arrest report, an arrest disposition sheet, and a rejection-to-file-charges sheet. Attached to the opposition was the claim for damages against the City, filed by petitioner with the city clerk on June 9, 1997. Also attached was the City's rejection of petitioner's claim for damages, dated October 21, 1997, which indicated that petitioner would have six months (or until April 21, 1998) to file a court action. Petitioner submitted a reply to the opposition.

Hearing on the order to show cause was held on May 22, 1998, at which time the court ruled that the City did not have to disclose the records because they were subject to the "pending litigation" exemption of section 6254, subdivision (b). The court stated in its minute order: "There is no indication that the legislature, when it enacted the Public Resources Act, intended to

---

[2]Petitioner was arrested on April 26, 1997, for violation of a restraining order. The City contended that disclosure of the records at issue could provide petitioner with information that might aid him in harming the individuals protected by the restraining order.

allow parties to litigation to make an end run around the provisions of the Discovery Act by using the former to enforce discovery rights that are not enforceable under the latter. It appears more likely than not that petitioner in this case is attempting to use his status as a member of the public to broaden his rights as a litigant to engage in discovery." The court therefore denied the petition, without prejudice, "only until the pending litigation or claim between petitioner and the City of Long Beach . . . has been finally adjudicated or otherwise settled." The court indicated that it had not inspected the documents made available by the City for in camera inspection, and returned the sealed documents to the City.

Petitioner then filed the petition for writ of mandate now before us. (§ 6259, subd. (c).)

## DISCUSSION

■ As previously mentioned, after the petition for writ of mandate was filed in this case, the City provided petitioner with apparently all of the documents in its possession pertaining to petitioner's arrest. This does not render the matter moot, however, because the question of petitioner's entitlement to the documents in the first place remains to be determined in light of the opinions expressed here. If the question is decided in petitioner's favor, he will be entitled to collect his attorney fees and costs. (§ 6259, subd. (d).) In addition, we deem the interpretation of the "pending litigation" exemption to the CPRA to be a matter of public interest and continuing concern. We agree with petitioner that the issue is likely to repeatedly come before trial courts in cases involving access to public records. (See *Wilder* v. *Superior Court* (1998) 66 Cal.App.4th 77 [77 Cal.Rptr.2d 629] [discussing a litigant's right to pursue records under the act].)

■ As our Supreme Court has recognized, "The Public Records Act, section 6250 et seq., was enacted in 1968 and provides that 'every person has a right to inspect any public record, except as hereafter provided.' (§ 6253, subd. (a).) We have explained that the act was adopted 'for the explicit purpose of "increasing freedom of information" by giving the public "access to information in possession of public agencies." ' [Citation.] As the Legislature declared in enacting the measure, 'the Legislature . . . finds and declares that access to information concerning the conduct of the people's business is a fundamental and necessary right of every person in this state.' (§ 6250.)" (*Roberts* v. *City of Palmdale* (1993) 5 Cal.4th 363, 370 [20 Cal.Rptr.2d 330, 853 P.2d 496].)

"Grounds to deny disclosure of information 'must be found, if at all, among the specific exceptions to the general policy that are enumerated in

the Act.' (*State of California* ex rel. *Division of Industrial Safety* v. *Superior Court* (1974) 43 Cal.App.3d 778, 783 [117 Cal.Rptr. 726].) The general policy of disclosure reflected in the act 'can only be accomplished by narrow construction of the statutory exemptions.' (*San Gabriel Tribune* v. *Superior Court* (1983) 143 Cal.App.3d 762, 773 [192 Cal.Rptr. 415].)" (*Citizens for a Better Environment* v. *Department of Food & Agriculture* (1985) 171 Cal.App.3d 704, 711 [217 Cal.Rptr. 504].)

 The question before us concerns the construction to be given the exemption found in section 6254 which provides that "nothing in this chapter shall be construed to require disclosure of records that are any of the following: [¶] . . . [¶] (b) Records pertaining to pending litigation to which the public agency is a party, or to claims made pursuant to Division 3.6 (commencing with Section 810), until the pending litigation or claim has been finally adjudicated or otherwise settled." The trial court here seemed to broadly construe any document pertaining to the subject matter of litigation as being subject to exemption under section 6254, subdivision (b), viewing with disfavor and suspicion any attempt by a litigant to access the records of a public agency by way of the CPRA.

 The construction and interpretation of a statute is a question of law which we necessarily consider de novo. (*County of Los Angeles* v. *Superior Court* (1993) 18 Cal.App.4th 588, 594 [22 Cal.Rptr.2d 409].) It appears that no other Court of Appeal has directly addressed, other than in dicta, the issue of the construction to be given the "pending litigation" exemption to section 6254.

In *City of Hemet* v. *Superior Court* (1995) 37 Cal.App.4th 1411 [44 Cal.Rptr.2d 532], the court, albeit in dicta,[3] advocated adoption of a limited construction of the pending litigation exemption of section 6254, subdivision (b) as follows: ". . . a document is protected from disclosure only if it was specifically prepared for use in litigation." (37 Cal.App.4th at p. 1420.) "A document or report prepared for a dual purpose is privileged, or not privileged, depending on the 'dominant purpose' behind its preparation." (*Id.* at p. 1419.) In so doing, the court rejected a broad construction of the exemption which would "cut off access to documents *relevant* to later-instituted

---

[3]The court held that the report at issue was exempted from disclosure by section 6254, subdivision (k), which provides that disclosure is not required of "[r]ecords the disclosure of which is exempted or prohibited pursuant to federal or state law, including, but not limited to, provisions of the Evidence Code relating to privilege." The court concluded that the report was covered by provisions in the Evidence Code and the Penal Code. (37 Cal.App.4th at pp. 1422-1431.)

litigation." (*Id.* at p. 1420, fn. 11, italics in original.) The court also rejected a construction of the exemption which would strictly construe an action or proceeding to be pending from its inception until the rendition of final judgment, i.e., only where litigation had formally commenced. (*Id.* at p. 1418.)

We agree with the construction of the pending litigation exemption advocated by the court in *City of Hemet.* The trial court in this case did not follow that standard, however, rejecting and distinguishing the statements made in *City of Hemet* on the basis that the entity requesting public records there was a newspaper and not a party litigant. ▮ However, ". . . members of the media have no greater right of access [to public records] than that enjoyed by any member of the public," including a litigant or potential litigant. (See *City of Hemet* v. *Superior Court, supra,* 37 Cal.App.4th at p. 1417, fn. 7.) After all, "*every person* has a right to inspect any public record, except as hereafter provided." (§ 6253, subd. (a), italics added; see also § 6258 ["*Any person* may institute proceedings . . . to enforce his or her right to inspect or to receive a copy of any public record . . . ." (Italics added.)].)

▮ Where the Legislature intended to differentiate between different entities requesting information under the CPRA, it did so. (See § 6254, subd. (f)(3), which authorizes release of the address of arrestees and victims of crime "where the requester declares under penalty of perjury that the request is made for a scholarly, journalistic, political, or governmental purpose, or that the request is made for investigation purposes by a licensed private investigator . . . .") No such distinction was made by the Legislature in section 6254, subdivision (b) to differentiate between party litigants and, for example, journalists requesting information pertaining to pending litigation.

We are mindful of one commentator's suggestion that it would seem that the purpose of the exemption is primarily to prevent a litigant opposing a public entity from using the CPRA to accomplish earlier or greater access to records pertaining to pending litigation or tort claims than would otherwise be allowed under the rules of discovery.[4] The construction we give to "pending litigation," which focuses on the purpose of the document, serves to protect documents created by a public entity for its own use in anticipation of litigation, which documents it reasonably has an interest in keeping to itself until litigation is finalized. In this way, a litigant opposing a

---

[4]See *Roberts* v. *City of Palmdale, supra,* 5 Cal.4th at page 372, where the Supreme Court cites with approval Comment, *The California Public Records Act: The Public's Right of Access to Governmental Information* (1976) 7 Pacific L.J. 105, 131, but simply for the purpose of saying that section 6254, subdivision (b) does not only pertain to a limited class of documents falling within the purview of the attorney-client privilege.

public entity is prevented from taking unfair advantage of the public agency status of his or her opponent. ▪▪ Through this exemption, a public entity may refuse to disclose documents which it prepares for use in litigation.[5]

 In any event, we perceive no grave danger in allowing a litigant or potential litigant to obtain documents from a public agency through the CPRA, rather than waiting to file suit and obtaining the documents through formal discovery. In fact, to the extent that settlement of disputes may be aided by prompt access to documents, all the better. Granted, a litigant engaged in a dispute with a private party would not have access to. the private party's business records other than through formal discovery procedures. However, the whole purpose of the CPRA is to shed public light on the activities of our governmental entities, and it is a small price to pay to require disclosure of public records even to a litigant opposing the government, outside of the rules of discovery.

 Our role in the CPRA process is to "conduct an independent review of the trial court's ruling; factual findings made by the trial court will be upheld if based on substantial evidence. [Citation.]" (*Times Mirror Co.* v. *Superior Court* (1991) 53 Cal.3d 1325, 1336 [283 Cal.Rptr. 893, 813 P.2d 240].) The trial court here made no factual findings concerning whether the documents at issue were prepared for use in litigation. We conclude that this matter must therefore be remanded to the trial court with instructions to conduct further proceedings in keeping with the views expressed in this opinion. Petitioner's request for attorney fees pursuant to section 6259, subdivision (d), is dependent on the trial court's decision as to whether the documents at issue were subject to the exemptions of section 6254, subdivisions (b) and (f), and section 6255.

### Disposition

The alternative writ is discharged. Let a peremptory writ of mandate issue compelling respondent court to set aside its order of May 22, 1998, denying

---

[5]Thus, section 6254, subdivision (b) is not duplicative of subdivision (k), through which Code of Civil Procedure section 2018 applies and protects *attorney* work product, but rather subdivision (b) confers upon public agencies a broader exemption from disclosure by protecting the "work product" generated by a public agency in anticipation of litigation. Nor is it duplicative of the attorney-client privilege codified in Evidence Code section 950 et seq. and made applicable to the CPRA through subdivision (k) of section 6254. Section 6254, subdivision (b) "refers to litigation records generally, while subdivision (k) specifically refers to matters of privilege, including the attorney-client privilege." (*Roberts* v. *City of Palmdale, supra,* 5 Cal.4th at p. 373.)

Fairley's petition for writ of mandate and to reconsider the petition in conformity with the views expressed here. Petitioner to recover costs.

Hastings, J., and Cooper, J.,* concurred.

A petition for a rehearing was denied October 19, 1998, and the opinion was modified to read as printed above.

---

*Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.