889

[No. D045929. Fourth Dist., Div. One. Sept. 14, 2005.]

BOARD OF TRUSTEES OF THE CALIFORNIA STATE UNIVERSITY,
Petitioner, v.
SUPERIOR COURT OF SAN DIEGO COUNTY, Respondent;
THE COPLEY PRESS, INC., Real Party in Interest.

890

**COUNSEL**

Christine Helwick and Dawn S. Theodora for Petitioner.

No appearance for Respondent.

Davis Wright Tremaine, Kelli L. Sager, Alonzo Wickers IV, Karen A. Henry; Harold W. Fuson, Jr., and Scott A. Wahrenbrock for Real Party in Interest.

**OPINION**

**NARES, Acting P. J.**—Petitioner Board of Trustees of the California State University (the University) seeks a writ of mandate to prevent disclosure of documents that the court ordered it to turn over to real party in interest The Copley Press, Inc. (Copley). Copley is the publisher of the San Diego Union-Tribune (The Union-Tribune) newspaper. The documents relate to lawsuits brought by San Diego State University (SDSU) athletic department employees Steven Bartel and David Ohton against the University and others, arising out of an investigative audit of SDSU's athletic department by the University. Bartel's lawsuit (the *Bartel* action) challenged the circumstances surrounding the audit and included allegations of defamation and illegal disclosure of private information. Ohton's action (the *Ohton* action) alleged retaliation for his participation in the audit, challenged the circumstances surrounding the audit, and made claims of illegal disclosure of private information.

The Union-Tribune sought records from the University concerning the *Bartel* and *Ohton* actions under the Public Records Act, Government Code[1] section 6250 et seq. (PRA). Specifically, The Union-Tribune sought (1) any communications between SDSU and Ohton or his attorneys regarding the *Ohton* action; (2) any communications between SDSU and Bartel or his attorneys concerning the *Bartel* action; and (3) transcripts of all depositions taken in the *Bartel* and *Ohton* actions. The University refused the request, asserting they were exempt from disclosure as documents (1) relating to pending litigation under section 6254, subdivision (b) (section 6254(b)), (2) evidencing private personnel information, and (3) subject to the attorney-client

---

[1] All further statutory references are to the Government Code unless otherwise specified.

and attorney work product privileges. The Union-Tribune brought an action for writ of mandate in the superior court seeking disclosure of the documents, and the court granted The Union-Tribune's request.

On this petition, the University asserts that the court erred in ordering it to turn over the documents because (1) the communications between counsel are exempt under the "pending litigation" exemption of the PRA; (2) deposition transcripts are included in the pending litigation exemption; and (3) the court did not conduct an in camera review before ordering production. We hold that the pending litigation exemption of section 6254(b) applies to litigation-related documents, when sought by persons or entities not party to the litigation, which the parties to the litigation do not intend to be revealed outside the litigation. We further hold that deposition transcripts are not subject to the pending litigation exemption as they are available to the public under another statute. Finally, we hold that the court did not err in failing to order an in camera review before ordering production of the documents. Accordingly, the petition is granted in part and denied in part.

## FACTUAL AND PROCEDURAL BACKGROUND

In June 2002, the University's internal auditors began an investigative audit of the athletics department at SDSU. The auditors spent 11 months examining financial materials, interviewing witnesses, and investigating allegations of various improprieties, resulting in a written audit report in April 2003. The audit investigation also resulted in several lawsuits against the University and others, including a "whistleblower" action by Dave Ohton, SDSU's football team's former conditioning coach, and an action brought by Steve Bartel, the team's former equipment manager, who alleged defamation and disclosure of private, protected and confidential information about himself.

After the filing of the *Ohton* and *Bartel* actions, The Union-Tribune made a PRA request on the University,[2] seeking copies of: (1) "all correspondence and communications between [SDSU] and Dave Ohton or his attorneys from December 2002 until the present regarding Ohton's lawsuit and/or claims against [SDSU]"; (2) "all correspondence and communications between [SDSU] and Steve Bartel or his attorneys regarding the Ohton lawsuit/claims or the lawsuit/claims involving Bartel"; and (3) transcripts of "all depositions that have been taken to date in the Ohton/Bartel lawsuits." The University refused to produce the records, citing exemptions to the PRA for

---

[2] To request public records under the PRA, an interested party may write an informal letter to the agency holding the records in question. If that request is denied, the requesting party may seek a court order for disclosure of the records by filing a verified petition for declaratory or injunctive relief. (§§ 6258, 6259.)

(1) documents created for pending litigation (§ 6254(b)); (2) private personnel information (§ 6254, subd. (c)); and (3) documents protected by the attorney-client privilege and the attorney work product doctrine (§ 6254, subd. (k)).[3] With regard to the correspondence The Union Tribune sought, the University asserted that it was confidential "work product" prepared for use in the litigation, and thus not subject to disclosure to parties outside the litigation. Counsel for Barton and Ohton also strenuously objected to production of these items, asserting that they were confidential matters not to be disclosed to parties outside the litigation.

In November 2004, in response to the University's refusal to turn over any of the requested records, Copley filed a petition for writ of mandate in the superior court. The petition sought to compel the University to comply with the PRA by seeking an order that they produce the requested records. After the parties briefed the matter, and after hearing argument of counsel, the court granted Copley's petition in its entirety, ordering the University to release the requested documents. In rejecting the University's contention that the pending litigation exemption protected the documents from disclosure, the court found that the University had not shown that "the requested correspondence between [SDSU] and the opposing attorneys and parties in the *Ohton* and *Bartel* lawsuits were created by [SDSU] for its own use in litigation." The court also found that "there is no showing that the requested deposition transcripts were created by [SDSU] for its own use in litigation." The court also rejected the University's attorney-client privilege and attorney work product defenses, finding that "[c]orrespondence between opposing counsel and deposition transcripts are not confidential and not work product." Because the University failed to present evidence supporting its contention that the documents were exempt from production, the court also found that an in camera review of the documents was not warranted. In ordering production, the court also ordered that any personal information concerning Barton and Ohton was to be redacted from the documents.

This petition for writ of mandate followed.

## DISCUSSION

### A. *Standard of Review*

A superior court order directing disclosure of public records held by a public agency "is not a final judgment or order within the meaning of Section 904.1 of the Code of Civil Procedure from which an appeal may be taken, but shall be immediately reviewable by petition to the appellate court for the

---

[3] Only the pending litigation exemption is raised on this petition.

issuance of an extraordinary writ." (§ 6259, subd. (c); see *Powers v. City of Richmond* (1995) 10 Cal.4th 85, 111 [40 Cal.Rptr.2d 839, 893 P.2d 1160].) Appellate review of the order is "independent on issues of law, and follows the substantial evidence test with respect to any issues of fact. [Citation.]" (*City of Hemet v. Superior Court* (1995) 37 Cal.App.4th 1411, 1416 [44 Cal.Rptr.2d 532].)

### B. Applicable Law

■ The PRA articulates a policy of broad disclosure of documents in the possession of public agencies and provides that "access to information concerning the conduct of the people's business is a fundamental and necessary right of every person in this state." (§ 6250.) To implement that right, section 6253, subdivision (a) provides that "every person has a right to inspect any public record," subject only to the express limitations contained elsewhere in the PRA. This provision is frequently invoked by news organizations, which have the same standing as individual citizens to seek government records. (*San Gabriel Tribune v. Superior Court* (1983) 143 Cal.App.3d 762, 774 [192 Cal.Rptr. 415].)

The PRA also provides for several exemptions to disclosure, some of which are contained in section 6254.[4] One, at issue upon this petition, is section 6254(b), which prohibits the disclosure of "[r]ecords pertaining to pending litigation to which the public agency is a party . . . until the pending litigation . . . has been finally adjudicated or otherwise settled."

■ Section 6254's "exemptions are to be narrowly construed [citation], and the government agency opposing disclosure bears the burden of proving that one or more apply in a particular case." (*County of Los Angeles v. Superior Court* (2000) 82 Cal.App.4th 819, 825 [98 Cal.Rptr.2d 564] (*County of Los Angeles*).) The federal Freedom of Information Act (5 U.S.C. § 552 et seq.) (FOIA), upon which the PRA was modeled, has similarly been interpreted as creating a liberal disclosure requirement, limited only by specific exemptions, which are also to be narrowly construed. (*GC Micro Corp. v. Defense Logistics Agency* (9th Cir. 1994) 33 F.3d 1109, 1112.)[5]

---

[4] A "catch all" exemption, contained in section 6255, allows a public agency to withhold documents upon a showing "that on the facts of the particular case the public interest served by not disclosing the record clearly outweighs the public interest served by disclosure of the record."

[5] Because of the PRA's roots in the FOIA, "federal 'legislative history and judicial construction of the FOIA' may be used in construing [the PRA]." (*City of San Jose v. Superior Court* (1999) 74 Cal.App.4th 1008, 1016 [88 Cal.Rptr.2d 552].) Unfortunately, "the federal statute contains no comparable provision for guidance in interpreting" section 6254(b) regarding disclosure of litigation records. (*Poway Unified School Dist. v. Superior Court* (1998) 62 Cal.App.4th 1496, 1502 [73 Cal.Rptr.2d 777] (*Poway*).)

■ The term "records pertaining to pending litigation" is a broad term that on its face would suggest that all records in a public entity's possession relating to litigation are protected from disclosure. However, because of the narrow construction given to section 6254's exemptions, cases interpreting the section 6254(b) pending litigation exemption have, based upon the facts of those particular cases, given it a more restricted reading. Thus, "[a] document is protected from disclosure under the pending litigation exemption only if the document *was specifically prepared for use in litigation.*" (*County of Los Angeles, supra,* 82 Cal.App.4th at p. 830, italics added.)

■ Other cases have further refined and narrowed the scope of documents protected from disclosure under section 6254(b). In *Fairley,* an individual filed a California PRA request seeking documents relating to his arrest. (*Fairley v. Superior Court* (1998) 66 Cal.App.4th 1414, 1417 [78 Cal.Rptr.2d 648] (*Fairley*).) The trial court denied the petition, without prejudice, until the pending litigation between the PRA requestor and the government agency was finally settled or adjudicated. (66 Cal.App.4th at p. 1419.) The requestor filed a writ petition, claiming that the records were not exempt under the PRA. (66 Cal.App.4th at p. 1419.) The *Fairley* court held that "a public entity may refuse to disclose documents which *it* prepares for use in litigation." (*Id.* at p. 1422, fn. omitted, italics added.) The court noted that "[t]he construction we give to 'pending litigation,' *which focuses on the purpose of the document,* serves to protect documents created by a public entity *for its own use* in anticipation of litigation, which documents *it reasonably has an interest in keeping to itself until litigation is finalized.* In this way, a litigant opposing a public entity is prevented from taking unfair advantage of the public agency status of his or her opponent." (*Id.* at pp. 1421–1422, italics added.)

This court also gave a restrictive reading of the section 6254(b) pending litigation exemption in *Poway, supra,* 62 Cal.App.4th 1496, wherein the defendant school district claimed that this exemption shielded a student's tort claim form from disclosure to The Union-Tribune. (*Id.* at p. 1500.) We first concluded that such documents were not protected from disclosure under section 6254(b) because under another statute claim forms are available for public inspection. (62 Cal.App.4th at p. 1503.) We also concluded that tort claim forms were not within the section 6254(b) exemption because that section was intended "to protect only documents created by the public entity." (*Poway, supra,* 62 Cal.App.4th at p. 1504.) We also noted that " '[section 6254(b)] ". . . was primarily designed to prevent a litigant opposing the government from using the [PRA]'s disclosure provisions to accomplish earlier or greater access to records pertaining to pending litigation or tort claims than would otherwise be allowed under the rules of discovery . . . ." '

[Citations.]" (*Poway, supra,* 62 Cal.App.4th at p. 1504.)[6] We concluded that because "[t]here is no unfair disadvantage to the public entity from disclosure of the mere claim form," it did not fall within the exemption of section 6254(b). (*Poway, supra,* 62 Cal.App.4th at p. 1505.)

■ As one court explained, this exemption therefore protects attorney-client privileged and attorney work product, as well as, more broadly, any other work product related to pending litigation: "[Section 6254(b)] is not duplicative of subdivision (k),[7] through which Code of Civil Procedure section 2018 applies and protects *attorney* work product, but rather subdivision (b) confers upon public agencies a broader exemption from disclosure by protecting the 'work product' generated by a public agency in anticipation of litigation." (*Fairley, supra,* 66 Cal.App.4th at p. 1422, fn. 5.)

### C. *Application of Section 6254(b) to Correspondence Between Counsel*

Despite the broad language of section 6254(b), cases applying the litigation exemption to various factual scenarios have given it a narrow interpretation, indicating that the pending litigation exception would only protect documents (1) that the agency prepared; (2) for its own use in litigation; and (3) that it had an interest in not disclosing until after the litigation has finalized.

Applying this reasoning to this case, it would therefore appear that correspondence between opposing counsel and parties would not be exempt under section 6254(b). As to correspondence emanating from Ohton, Barton or their attorneys, it would not be exempted from disclosure as it was not prepared by the University. Correspondence from the University to Ohton, Barton or their attorneys would arguably not be protected as well. While they were prepared for the University's use in litigation, they were disclosed to opposing counsel and therefore it could be argued they were documents that the University did not intend to keep confidential until after the litigation.

---

[6] Law reviews that have analyzed section 6254(b) have made similar pronouncements. (Note, *The California Public Records Act: The Public's Right of Access to Governmental Information* (1976) 7 Pacific L.J. 105, 131 [Section 6254(b) "was primarily designed to prevent a litigant opposing the government from using the [PRA]'s disclosure provisions to accomplish earlier or greater access to records pertaining to pending litigation or tort claims than would otherwise be allowed under the rules of discovery"]; Schaffer, *A Look at the California Records Act and its Exemptions* (1974) 4 Golden Gate L.Rev. 203, 216 ["This section, in effect, upholds the attorney-client privilege with respect to a governmental agency"].)

[7] Section 6254, subdivision (k) provides that a public entity need not disclose "[r]ecords, the disclosure of which is exempted or prohibited pursuant to federal or state law, *including, but not limited to, provisions of the Evidence Code relating to privilege.*" (Italics added.)

■ However, when, as here, correspondence between opposing counsel and parties is sought under the PRA by persons or entities outside the litigation, different policy concerns arise that were not present in cases that have previously interpreted section 6254(b). It is true that when an opposing party seeks records from a governmental entity, the primary purpose of the pending litigation exemption is to prevent the litigant from using the PRA's disclosure provisions " 'to accomplish earlier or greater access to records pertaining to pending litigation or tort claims than would otherwise be allowed under the rules of discovery . . . .' [Citation.]" (*Roberts v. City of Palmdale* (1993) 5 Cal.4th 363, 372 [20 Cal.Rptr.2d 330, 853 P.2d 496].) For this reason, cases have expressed that the exemption is limited to attorney-client privileged matters, attorney work product, and any other "work product" of the governmental agency. (*Fairley, supra,* 66 Cal.App.4th at p. 1422, fn. 5.)

However, when third parties such as the media seek litigation-related documents that the parties did not intend disclosed, *except between themselves*, different concerns arise. If third persons were able to obtain, through the PRA, all correspondence between opposing attorneys and clients in pending litigation or tort claims, it would eviscerate the parties' ability to vigorously litigate and protect their clients' interests. Counsel in such a scenario would have to assume that every communication to the opposing party could be obtained under a PRA request. Attorneys do not expect such correspondence to be subject to disclosure to parties outside of the litigation. If parties outside of the litigation were able to obtain such documents through a PRA request, the ability to communicate openly and freely during litigation would be severely hampered.

A prime example of the dilemma is settlement communications. Even if labeled as "confidential," they are subject to disclosure under the PRA after the litigation has ended. (*Register Div. of Freedom Newspapers, Inc. v. County of Orange* (1984) 158 Cal.App.3d 893, 908–909 [205 Cal.Rptr. 92].) However, the parties to the litigation have a strong interest in protecting such communications between counsel from disclosure to third parties while litigation is pending. In fact, to allow disclosure to the public of such documents would chill the parties' ability in many cases to settle the action before trial. Such a result runs contrary to the strong public policy of this state favoring settlement of actions. (See *Hinshaw, Winkler, Draa, Marsh & Still v. Superior Court* (1996) 51 Cal.App.4th 233, 241 [58 Cal.Rptr.2d 791].)

We also note that section 6254(b) only applies to litigation-related documents while litigation is pending. Documents exempt from disclosure while litigation is pending are subject to disclosure under the PRA once the litigation has ended. Thus, the drafters of section 6254(b) were obviously

concerned that production of documents during the course of litigation could hamper the parties' efforts to effectively represent their parties' interests.

■ With these considerations in mind, we conclude that the pending litigation exemption applies to litigation documents, when sought by persons or entities not party to the litigation, which the parties do not intend to be revealed *outside the litigation.* Thus, even though attorneys may exchange correspondence with each other (or the opposing party), if they desire to have such matters remain confidential as to nonparties pending resolution of the litigation, the correspondence is protected from disclosure to third parties by section 6245(b). Here, the record reflects, based upon the University's, Barton's and Ohton's strenuous objections to disclosure of these materials, the parties intended that correspondence between them not be disclosed to individuals or entities not parties to the litigation.

■ This holding is consistent with cases that have concluded that section 6254(b)'s exemption is not intended to only protect the attorney-client privilege or attorney work product, but more generally any documents that could be considered "work product" generated during litigation. (*Fairley, supra,* 66 Cal.App.4th at p. 1422, fn. 5.)

■ In *Poway, supra,* 62 Cal.App.4th 1496, we concluded that section 6254(b) only applied to documents created by the public entity. (62 Cal.App.4th at p. 1504.) However, the primary reason we held that claim forms were not protected under section 6254(b) was because they were already subject to disclosure under another statute. (62 Cal.App.4th at p. 1503.) Moreover, as we have discussed, correspondence between counsel or parties in pending litigation presents unique public policy concerns not at issue with regard to claim forms submitted by a potential plaintiff or where documents are being sought by an opposing party. Although prepared by an opposing attorney or party, such correspondence in the possession of the public entity should be protected if the parties did not intend that the documents be revealed outside the litigation. Section 6252, subdivision (e) defines "public records" to include not only writings prepared by the public entity, but also all those "retained" by it. Therefore, they would also be subject to section 6254(b) as records "pertaining to pending litigation," and protected from disclosure to the same extent as documents prepared by the public entity. Additionally, although not authored by the public entity, such correspondence will often refer to prior correspondence that was and therefore reflect confidential communications by the entity. We hold that the better rule is that correspondence from an opposing counsel or party (like correspondence prepared by the defendant public agency or its counsel), that is in the possession of the governmental entity being sued, is also protected under section 6254(b) if it was intended that such correspondence not be disclosed outside the litigation.

In view of the broad interpretation courts have given the PRA, and the narrow construction of its exceptions, including section 6254(b), parties should make clear their intent to keep such correspondence confidential. Counsel in actions involving governmental entities could place a heading on such correspondence stating that it is confidential, and not to be disclosed to individuals or entities outside the litigation, or, the parties could agree on a protective order as to such documents at the outset of the litigation.

It is also important to note the narrow scope of our holding. It is limited to instances where a request for litigation-related documents has been made upon a public entity under the PRA. There is nothing in this holding that would prevent a party to the litigation from voluntarily disclosing correspondence between counsel and/or parties to individuals or entities outside of the litigation.

### D. *Deposition Transcripts*

■ We conclude that deposition transcripts, however, are not covered by section 6254(b). This is because, like claim forms, they are available to the public, absent an objection and protective order, under another statutory scheme. In this regard, Code of Civil Procedure section 2025.570 provides as follows: "[U]nless the court issues an order to the contrary, a copy of the transcript of the deposition testimony made by, or at the direction of, any party, or an audio or video recording of the deposition testimony, if still in the possession of the deposition officer, *shall be made available by the deposition officer to any person requesting a copy, on payment of a reasonable charge set by the deposition officer.* [¶] (b) If a copy is requested from the deposition officer, the deposition officer shall mail a notice to all parties attending the deposition and to the deponent at the deponent's last known address advising them of all of the following: [¶] (1) The copy is being sought. [¶] (2) The name of the person requesting the copy. [¶] (3) The right to seek a protective order under Section 2025.420. [¶] (c) If a protective order is not served on the deposition officer within 30 days of the mailing of the notice, the deposition officer shall make the copy available to the person requesting the copy."[8] (Italics added.)

■ Thus, depositions are ordinarily not documents that the parties would reasonably envision would not be made available to persons or entities outside the litigation. In certain cases a deposition transcript may be protected

---

[8] Code of Civil Procedure section 2025.570, effective July 1, 2005, continues former Code of Civil Procedure section 2025.5 without substantive change. (Cal. Law Revision Com. com., 21–22 West's Ann. Code Civ. Proc. (2005 supp.) foll. § 2025.570, p. 204.)

under other statutes or law if, for example, the deposition is transcribed under seal, all or a part of it is deemed confidential or privileged, or a protective order is obtained under Code of Civil Procedure section 2025.420. However, that is not the situation presented here. There is no assertion that there are any confidential or privileged matters that would be disclosed if the deposition transcripts were produced. Indeed, in ordering production, the trial court ordered that any personal information of Barton and Ohton was to be redacted. Accordingly, the court did not err in ordering production of deposition transcripts under the PRA.

### E. *Failure to Conduct In Camera Review*

The University asserts that the court also erred by failing to conduct an in camera review of the documents before ordering them produced, citing *Fairley, supra,* 66 Cal.App.4th at page 1422. However, the court in *Fairley* did *not* hold that an in camera review was necessary before ordering production of documents under the PRA. Rather, the Court of Appeal remanded the matter for further proceedings because the trial court had failed to make any factual findings as to whether the requested documents were prepared for use in litigation. (*Ibid.*) Here, the court did make such findings.

Further, because we have held that attorney correspondence is protected from disclosure under section 6254(b), we need only address the need for an in camera review as to the deposition transcripts.

In certain instances, where it is asserted that documents are within the pending litigation exemption or are otherwise privileged or confidential, the court would have the discretion to order an in camera review prior to ordering disclosure. (*Register Div. of Freedom Newspapers, Inc. v. County of Orange, supra,* 158 Cal.App.3d at p. 901 ["To determine a claim of exemption from the [PRA's] disclosure provisions, the court may but is not required to examine the disputed records in camera" (italics omitted)].) Here, however, the University has not identified anything in the deposition transcripts that is privileged or confidential. While the University objected to production before the trial court based upon the attorney-client and attorney work product privileges, it does not renew that objection on appeal. Further, as noted, *ante,* in ordering production, the court ordered that any personal information concerning Barton and Ohton was to be redacted from the documents, including the deposition transcripts. Accordingly, there was no need, under the facts of this case, for an in camera review.

## DISPOSITION

Let a writ of mandate issue ordering the trial court to set aside that portion of its order compelling production of correspondence between the attorneys and/or their clients. In all other respects, the petition is denied. The stay issued by this court on February 28, 2005, is vacated. This opinion is made final immediately. (Cal. Rules of Court, rule 24(b)(3).) The parties are to bear their own costs in the writ proceeding.

Haller, J., and Aaron, J., concurred.

The petition of real party in interest for review by the Supreme Court was denied November 2, 2005.