**John L. WHITWORTH, Plaintiff—Appellant,**

v.

**The REGENTS OF the UNIVERSITY OF CALIFORNIA; Ralph Anderson; Isabel Hawkins; Carol Lunsford; Trustees of the California State University, Defendants–Appellees.**

No. 06–16119.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 12, 2008.

Filed April 18, 2008.

by 9th Cir. R. 36–3.

David M. Poore, Esq., Kahn Brown & Poore, LLP, Petaluma, CA, for Plaintiff–Appellant.

Lori A. Sebransky, Gaylynn K. Conant, Esq., Lombardi Loper & Conant LLP, Oakland, CA, for Defendants–Appellees.

Before: HUG, RYMER, and RAWLINSON, Circuit Judges.

## MEMORANDUM *

John L. Whitworth appeals the district court's order granting in part summary judgment for the Regents of the University of California ("University"), Isabel Hawkins, Ralph Anderson, Carol Lunsford, and Trustees of the California State University, on his claims under 42 U.S.C. § 1983 and remanding his state law claims. We review the grant of summary judgment de novo, *Craig v. M & O Agencies, Inc.,* 496 F.3d 1047, 1053 (9th Cir.2007), and we affirm.

█ Whitworth argues that his Fourteenth Amendment procedural due process

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

rights were violated under 42 U.S.C. § 1983 because the University terminated his employment without providing notice and a hearing. To establish a claim under 42 U.S.C. § 1983, a plaintiff must show that a person acting under the color of state law deprived him of a right, privilege, or immunity protected by the United States Constitution or federal law. *Lopez v. Dep't of Health Servs.*, 939 F.2d 881, 883 (9th Cir.1991). A due process claim involves a two-step analysis. *Clements v. Airport Authority of Washoe County*, 69 F.3d 321, 331 (9th Cir.1995). First, a plaintiff must show that he has a property interest under the Due Process Clause, *i.e.*, that he has a legitimate claim of entitlement to a benefit, and not merely "an abstract need or desire" or "unilateral expectation of it." *Board of Regents of State Colleges v. Roth*, 408 U.S. 564, 577, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972). A legitimate claim of entitlement is created by state laws, rules or understandings that give rise to an expectation of a benefit. *Id.* Second, if the plaintiff has a property interest, we determine whether he received the process that he was due. *Clements*, 69 F.3d at 331.

In this case, the district court properly found that Whitworth did not have a property interest in continued employment under the Fourteenth Amendment Due Process Clause. Whitworth was hired by the University on January 7, 2002, and his employment was governed by a collective bargaining agreement ("agreement") entered into by his employee union and the University. Under the agreement, all new employees were required to complete a six-month probationary period and could be dismissed during this period at the discretion of the University without recourse to a grievance procedure. It is undisputed that Whitworth was dismissed on June 12, 2002, during the six-month probationary period and that he was aware of the probationary period. Because he was dismissed during this probationary period and could have no claim of entitlement to continued employment within this period, he fails to show that he had property interest in employment. *See Roth*, 408 U.S. at 577, 92 S.Ct. 2701 (holding that professor who was hired for one year and not rehired did not have a property interest in continued employment where state law provided that teachers were on probation until and employment only permanent after four years of service). Thus, the district court properly granted summary judgment on the procedural due process claim.

■ Whitworth also argues that defendants violated his Fourteenth Amendment liberty rights under 42 U.S.C. § 1983 by publically disclosing a sexual harassment allegation made by a co-worker. A public employee's liberty interest under the Fourteenth Amendment may be violated if an employer publically discloses a sexual harassment allegation. *Vanelli v. Reynolds School Dist. No. 7*, 667 F.2d 773, 776–78 (9th Cir.1982). If the liberty interest is implicated, the employee must be given procedural due process protections. *Id.* To establish a liberty interest violation, a plaintiff must first show that: "(1) the accuracy of the charge is contested; (2) there is some public disclosure of the charge; and (3) the charge is made in connection with the termination of employment." *Mustafa v. Clark County School Dist.*, 157 F.3d 1169, 1179 (9th Cir.1998) (citation omitted).

In this case, Whitworth fails to establish a liberty interest violation because there was no public disclosure by defendants of the sexual harassment allegation. Whitworth argues that the harassment allegation was publically disclosed because: (1) a stigmatizing letter written by Howard

Lewis, the Labor Relations Specialist for the University, was placed in his grievance file; (2) Lewis informed his union representative of the allegation; (3) his co-workers knew of the allegation; and (4) he was forced to disclose the allegation to prospective employers.

In each instance, Whitworth fails to demonstrate public disclosure. First, placement of the letter in his grievance file is not publication because the file is not publically accessible. Access to public records in California is governed by the California Public Records Act ("Act"), codified at Government Code §§ 6250 through 6270. The Act provides that "any public record in the possession of a state or local agency must be disclosed to any citizen unless an exemption applies." *Poway Unified School Dist. v. Superior Court,* 62 Cal.App.4th 1496, 1501, 73 Cal.Rptr.2d 777 (1998). Section § 6254(c) exempts from public disclosure "[p]ersonnel, medical, or similar files, the disclosure of which would constitute an unwarranted invasion of personal privacy." Cal. Gov't Code § 6254(c). Whitworth's grievance file is comparable to a personnel file, and is thus a "similar file" and exempt from public disclosure under § 6254(c). Because the file and offending letter are not publically accessible, there is no public disclosure of the allegation and thus no liberty interest violation. *See id.; compare Cox v. Roskelley,* 359 F.3d 1105, 1110–12 (9th Cir.2004) (holding that placing stigmatizing information in employee's personnel file where state statute required release upon request was publication).

The other instances argued by Whitworth also fail to show that defendants publically disclosed the harassment allegation. The allegation was not publically disclosed when Lewis told Whitworth's union representative of the allegation. Because this communication occurred at a private meeting with only Whitworth, Lewis, and the union representative in attendance, this fails to constitute public disclosure. *See Bishop v. Wood,* 426 U.S. 341, 348, 96 S.Ct. 2074, 48 L.Ed.2d 684 (1976) (holding that manager's decision to dismiss employee was not publically disclosed because it was communicated in private); *Learned v. City of Bellevue,* 860 F.2d 928, 933 (9th Cir.1988) (holding that there was no disclosure where defamatory remarks about an employee did not go beyond others employed by the department). With regard to other employees knowing of the charge, Whitworth failed to offer any evidence that defendants improperly told other employees outside the termination process about the allegation. Finally, there is no evidence that Whitworth told potential employers of the charge, and even if he had, self-publication of such charges to prospective employers does not constitute public disclosure. *See Llamas v. Butte Community College Dist.,* 238 F.3d 1123, 1130–31 (9th Cir.2001). Thus, the district court properly granted summary judgment for defendants on the liberty interest claim.[1]

**AFFIRMED.**

---

1. Appellee's Request for Judicial Notice filed on October 30, 2006 is granted. *See* Fed. R.Evid. 210; *Bennett v. Medtronic, Inc.,* 285 F.3d 801, 803 n. 2 (9th Cir.2002).