[No. B239849. Second Dist., Div. Eight. Nov. 16, 2012.]

COUNTY OF LOS ANGELES, Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent;
CYNTHIA ANDERSON-BARKER, Real Party in Interest.

## COUNSEL

John F. Krattli, Acting County Counsel, and Jonathan McCaverty, Deputy County Counsel, for Petitioner.

No appearance for Respondent.

Robert Mann and Donald W. Cook for Real Party in Interest.

**OPINION**

**RUBIN, Acting P. J.**—This writ petition presents the following question: May a surrogate for a party to a pending lawsuit against a public entity obtain documents under the California Public Records Act (CPRA; Gov. Code, § 6250 et seq.) relating to the attorney fees charged by litigation counsel for the public entity? In this case, we answer the question in the affirmative.

Under the CPRA (Gov. Code, § 6250 et seq.),[1] " 'every person' has a right to inspect any public record (§ 6253, subd. (a)), for any purpose (§ 6257.5), subject to certain exemptions . . . ." (*County of Los Angeles v. Superior Court (Axelrad)* (2000) 82 Cal.App.4th 819, 825 [98 Cal.Rptr.2d 564] (*Axelrad*).) The CPRA contains a number of exemptions, including one which excepts from disclosure records "pertaining to pending litigation to which the public agency is a party . . . until the pending litigation . . . has been finally adjudicated or otherwise settled." (§ 6254, subd. (b).)

By case law, the CPRA is broadly construed. Exemptions, however, are narrowly construed. Consistent with this construction, the trial court here ruled the pending litigation exemption did not apply to billing and payment records reflecting the amount of money the County of Los Angeles (County) had paid in attorney fees to defend itself against a pending civil rights action.

The County claims the trial court erred in construing the statutory exemption and ordering disclosure of the records in question. We reject the contention and deny the County's petition for a writ of mandate.

## FACTUAL AND PROCEDURAL HISTORY

Real party in interest Cynthia Anderson-Barker is an attorney. She works in the same office as Attorneys Robert Mann and Donald Cook, who are her attorneys of record in this CPRA action both in the trial court and in this court. Attorneys Mann and Cook also represent the plaintiffs in a civil rights action that has been pending in the Los Angeles County Superior Court since 1999—*Venegas v. County of Los Angeles* (No. BC207136) (the *Venegas* action).[2] The *Venegas* action has been the subject of numerous appellate

---

[1] Undesignated statutory references are to the Government Code.

[2] According to the most recent appellate opinion in the matter, the *Venegas* action arises out of the arrest/detention of a couple by members of the Taskforce for Regional Auto Theft Prevention (TRAP). The couple and their minor son sued several public agencies and law enforcement officials—including the County—for violations of federal and state civil rights laws and state tort law. Through a series of trial court rulings and appellate decisions over the last decade, only a single claim, for violation of Civil Code section 52.1, has survived. (*Venegas v. County of Los Angeles* (Aug. 23, 2011, B218948) [nonpub. opn.].)

proceedings. (See *Venegas v. County of Los Angeles, supra*, B218948; *Venegas v. County of Los Angeles* (2007) 153 Cal.App.4th 1230 [63 Cal.Rptr.3d 741]; *Venegas v. County of Los Angeles* (2004) 32 Cal.4th 820 [11 Cal.Rptr.3d 692, 87 P.3d 1].) In October 2011, after the most recent appellate decision, the case was returned to the trial court for trial.

One month later, in November 2011, Anderson-Barker filed a petition for writ of mandate in the superior court, seeking disclosure under the CPRA of certain records relating to the *Venegas* action, records that the County had refused to disclose in response to a formal CPRA request.[3] (See § 6259, subd. (a) [member of public may challenge denial of CPRA request by filing writ petition in the superior court].) Specifically, she sought (1) all invoices or other requests for payment submitted to the County by any law firm representing it in the *Venegas* action, (2) each such law firm's time records for the *Venegas* action, and (3) canceled checks and other writings reflecting payment by the County to such law firms.

In its answer to the mandate petition, the County maintained that the documents in question were not subject to disclosure because, among other things, (1) they were attorney-client communications, (2) they were attorney work product, and (3) they were exempt from disclosure under the CPRA's "pending litigation" exemption in section 6254, subdivision (b).

Before the hearing on the matter, the trial court issued a tentative decision which became the ruling of the court after the parties submitted on the tentative without substantive argument. The trial court ruled the documents in question were not attorney-client privileged communications, but they did contain some attorney work product. Thus, attorney time records reflect legal research performed, as well as the thought processes and impressions of counsel. The court ruled that the information should be redacted "to show [only] the information that is not work product—the hours worked, the identity of the person performing the work, and the amount charged."

With respect to the pending litigation exemption, and citing *Fairley v. Superior Court* (1998) 66 Cal.App.4th 1414 [78 Cal.Rptr.2d 648] (*Fairley*),

---

[3] This was not the first time that an attorney affiliated with Mann and Cook has filed a CPRA request to obtain documents relating to an action in which Mann and Cook represented a party. (See *Axelrad, supra*, 82 Cal.App.4th at p. 823 [noting that the real party in interest was an attorney employed by Mann and Cook and that he filed two CPRA requests to obtain documents relating to civil actions brought by former inmates represented by Mann and Cook].)

the trial court ruled the exemption applied only to "records specifically prepared for use in litigation." Because the documents in question were prepared "in connection with [the *Venegas*] case, but not specifically for use in that case," the exemption did not apply.

The County filed a writ petition with this court challenging the trial court's ruling. (See § 6259, subd. (c) [trial court order directing disclosure or upholding refusal to disclose under the CPRA is not appealable, "but shall be immediately reviewable by petition to the appellate court"]; *Powers v. City of Richmond* (1995) 10 Cal.4th 85, 89 [40 Cal.Rptr.2d 839, 893 P.2d 1160] ["a petition for extraordinary writ [is] the exclusive mode of appellate review in [C]PRA actions . . ."].) The County does *not* challenge the trial court's ruling with respect to the attorney-client and work product privileges. It argues here only that the redacted documents it was ordered to disclose are exempt from disclosure under the CPRA's pending litigation exemption.

We initially denied the petition summarily. However, the Supreme Court granted the County's petition for review and transferred the matter to us with directions to issue an order to show cause. We issued such an order, received additional briefing from the parties, and heard oral argument.[4]

## DISCUSSION

### 1. *The Standard of Review*

As with any statute, the construction and interpretation of the CPRA is a question of law which we review de novo. (*BRV, Inc. v. Superior Court* (2006) 143 Cal.App.4th 742, 750 [49 Cal.Rptr.3d 519]; *Fairley, supra*, 66 Cal.App.4th at p. 1420.) Where, as here, the relevant facts are undisputed, application of the CPRA to those facts presents an issue of law. (*BRV*, at p. 750.) However, the substantial evidence test applies with respect to any factual determinations the trial court made as part of its CPRA ruling. (*Axelrad, supra*, 82 Cal.App.4th at p. 824.)

### 2. *The CPRA*

The CPRA was enacted in 1968 and is modeled after the federal Freedom of Information Act (FOIA) (5 U.S.C. § 552 et seq.). (*Axelrad, supra*, 82

---

[4] When the trial court issued its decision, the *Venegas* action was still pending. According to the County's reply to the writ petition, the case proceeded to trial, the jury returned a defense verdict, and judgment was entered for the County. This case is currently on appeal. (*Venegas v. County of Los Angeles*, B244429, app. pending.)

Cal.App.4th at p. 825.) It was enacted "for the purpose of increasing freedom of information by giving members of the public access to information in the possession of public agencies." (*Filarsky v. Superior Court* (2002) 28 Cal.4th 419, 425 [121 Cal.Rptr.2d 844, 49 P.3d 194].) In enacting the CPRA, the Legislature declared that "access to information concerning the conduct of the people's business is a fundamental and necessary right of every person in this state." (§ 6250.)

■ Under the CPRA, subject to certain express exemptions, "every person" has a right to inspect any "public record" maintained by a "state or local agency." (§ 6253, subd. (a).) The County is a local agency under the CPRA (§ 6252, subd. (a)), and there is no dispute that the records at issue in this writ proceeding qualify as public records (§ 6252, subd. (e) [" 'Public records' includes any writing containing information relating to the conduct of the public's business prepared, owned, used, or retained by any state or local agency regardless of physical form or characteristics."]). Because the statute furthers the people's right of access, it must be construed broadly. (*Marken v. Santa Monica-Malibu School Dist.* (2012) 202 Cal.App.4th 1250, 1262 [136 Cal.Rptr.3d 395]; see Cal. Const., art. I, § 3, subd. (b)(2) [a "statute, court rule, or other authority, including those in effect on the effective date of this subdivision, shall be broadly construed if it furthers the people's right of access, and narrowly construed if it limits the right of access"].)

■ The CPRA "does not allow limitations on access to a public record based upon the purpose for which the record is being requested, if the record is otherwise subject to disclosure." (§ 6257.5.) As the Court of Appeal explained in *Axelrad, supra*, 82 Cal.App.4th at page 826, "[t]he reason for such a rule, we believe, is that 'there is no practical way of limiting the use of the information, once it is disclosed, to the purpose asserted by the requestor. Indeed, there is no way of assuring that the information will not be used by the requestor for other purposes, or, for that matter, will not be used by third parties who manage to obtain the information once it has been disclosed to [the requestor].' " (Quoting *Hughes Salaried Retirees v. Administrator of Hughes* (9th Cir. 1995) 72 F.3d 686, 693, last brackets in original.) Therefore, the mere fact that Anderson-Barker may be seeking public records to assist her colleagues in connection with a pending action is not relevant to the issue before us.

■ Section 6254 lists a variety of exemptions to the disclosure obligations contained in the CPRA. Exemptions under the CPRA "are to be narrowly construed [citation], and the government agency opposing disclosure bears the burden of proving that one or more apply in a particular case." (*Axelrad, supra*, 82 Cal.App.4th at p. 825; see *Marken v. Santa*

*Monica-Malibu School Dist., supra,* 202 Cal.App.4th at p. 1262; *Citizens for a Better Environment v. Department of Food & Agriculture* (1985) 171 Cal.App.3d 704, 711 [217 Cal.Rptr. 504].)

Among the exempt records under the act are those documents that enjoy the protection of various provisions of the Evidence Code, such as the attorney-client privilege and attorney work product doctrine. (§ 6254, subd. (k); *Fairley, supra,* 66 Cal.App.4th at p. 1422, fn. 5.) As noted previously, that particular exemption is no longer at issue in this writ proceeding. Instead, the County claims the attorney records in question here fall within the "pending litigation" exemption, which protects from disclosure "[r]ecords pertaining to pending litigation to which the public agency is a party, or to claims made pursuant to [the Government Claims Act] (commencing with Section 810), until the pending litigation or claim has been finally adjudicated or otherwise settled."[5] (§ 6254, subd. (b).)

### 3. *The Pending Litigation Exemption*

█ The road to understanding the pending litigation exemption has been well traveled by appellate decisions. As the Court of Appeal explained in *Board of Trustees of California State University v. Superior Court* (2005) 132 Cal.App.4th 889, 897 [34 Cal.Rptr.3d 82] *(Board of Trustees)*, "[t]he term 'records pertaining to pending litigation' is a broad term that on its face would suggest that all records in a public entity's possession relating to litigation are protected from disclosure. However, because of the narrow construction given to section 6254's exemptions, cases interpreting the section 6254(b) pending litigation exemption have, based upon the facts of those particular cases, given it a more restricted reading. Thus, '[a] document is protected from disclosure under the pending litigation exemption only if the document *was specifically prepared for use in litigation.*' " (Quoting *Axelrad, supra,* 82 Cal.App.4th at p. 830, italics added by *Board of Trustees.*)

One of the early cases adopting this construction was *Fairley, supra,* 66 Cal.App.4th 1414, upon which the trial court here relied. In *Fairley,* John Fairley filed a CPRA petition after the City of Long Beach denied his CPRA request for records relating to his arrest. The trial court denied the petition without prejudice, until the pending litigation between Fairley and the city was finally settled or adjudicated. *(Fairley,* at pp. 1417–1419.) The Court of Appeal granted Fairley's writ petition. It held that even though section 6254, subdivision (b), referred broadly to "pending litigation," the CPRA exemption applied only to records " 'prepared for use in litigation.' " *(Fairley,* at

---

[5] Although the exemption applies to records pertaining to pending litigation and government tort claims, for simplicity we will use the term "pending litigation" to refer to a situation where either a claim or lawsuit is pending.

pp. 1420–1421.) It also agreed that the "dominant purpose" test, as adopted by the Court of Appeal in *City of Hemet v. Superior Court* (1995) 37 Cal.App.4th 1411 [44 Cal.Rptr.2d 532], should apply where a document may have been prepared for a dual purpose. Under this test, " '[a] document or report prepared for a dual purpose is privileged, or not privileged, depending on the "dominant purpose" behind its preparation.' " (*Fairley, supra*, at p. 1420, quoting *City of Hemet*, at p. 1419.)

██ In reaching its conclusion that the pending litigation exemption applied only to records specifically prepared for use in litigation, *Fairley* also explained that there is no blanket prohibition against a party to litigation using the CPRA to obtain documents even though those documents might be available (or not available) through traditional civil litigation discovery methods. (*Fairley, supra*, 66 Cal.App.4th at p. 1421.) "[T]he whole purpose of the CPRA is to shed public light on the activities of our governmental entities, and it is a small price to pay to require disclosure of public records even to a litigant opposing the government, outside of the rules of discovery." (*Id.* at p. 1422.)

As *Fairley* recognized, when a party to litigation seeks CPRA disclosure of documents related to that litigation, other considerations are at play. "We are mindful of one commentator's suggestion that it would seem that the purpose of the exemption is primarily to prevent a litigant opposing a public entity from using the CPRA to accomplish earlier or greater access to records pertaining to pending litigation or tort claims than would otherwise be allowed under the rules of discovery. The construction we give to 'pending litigation,' which focuses on the purpose of the document, serves to protect documents created by a public entity for its own use in anticipation of litigation, which documents it reasonably has an interest in keeping to itself until litigation is finalized. In this way, a litigant opposing a public entity is prevented from taking unfair advantage of the public agency status of his or her opponent. Through this exemption, a public entity may refuse to disclose documents which it prepares for use in litigation." (*Fairley, supra*, 66 Cal.App.4th at pp. 1421–1422, fns. omitted.)

*Fairley*'s "for use in litigation" standard was also applied in *Axelrad, supra*, 82 Cal.App.4th 819. In that case, an attorney submitted two CPRA requests to the County in an effort to obtain documents relating to the alleged overdetention of inmates at the County jail. The attorney submitted his requests after his colleagues (Attorneys Mann and Cook) unsuccessfully

sought the same documents through discovery in three civil cases they had filed on behalf of former inmates who had allegedly been overdetained. (See 82 Cal.App.4th at p. 823.) After the County denied the attorney's CPRA requests, the attorney filed a mandate petition in the superior court. The superior court granted the attorney's petition, and the County sought review in the Court of Appeal. The Court of Appeal denied the County's petition on the merits, holding that the records could be withheld under the pending litigation exemption only if they were "specifically prepared by the County for use in litigation." (*Axelrad*, at p. 832.) The appellate court remanded the matter to the trial court for it to conduct an in camera review to determine the exemption's applicability. (*Ibid.*)

■ The County attempts to distinguish *Fairley* by noting that the CPRA request in that case "had been made by a citizen prior to the institution of any litigation." The opinion explains that Fairley had submitted a government tort claim to the city, but it is not clear whether he had filed a lawsuit. The distinction the County appears to be making has no support under the CPRA, which on its face applies both to pending litigation and to government tort claims. (§ 6254, subd. (b).) (To the extent the County is arguing the *documents* at issue in *Fairley* were prepared before litigation commenced, there is nothing in *Fairley* that suggests different rules apply to earlier-prepared documents.)

As for *Axelrad*, which followed *Fairley*, the County makes no mention of it in either its petition or its response filed in this court.

The County relies on the California Supreme Court decision in *Roberts v. City of Palmdale* (1993) 5 Cal.4th 363 [20 Cal.Rptr.2d 330, 853 P.2d 496]. *Roberts* does discuss section 6254, subdivision (b), the pending litigation privilege, but its holding as to the CPRA is founded on section 6254, subdivision (k). That subdivision permits nondisclosure of documents protected by the attorney-client privilege. As Justice Mosk stated in the opinion's second sentence, the CPRA issue before the court was: "Does the California Public Records Act (Gov. Code, § 6250 et seq.) require public disclosure of a letter from the city attorney distributed to members of the city council, expressing the legal opinion of the city attorney regarding a matter pending before the council?" (5 Cal.4th at p. 367.) The court expressly stated that "the letter [to the city council] did not relate to pending litigation." (*Id.* at pp. 369–370; see *id.* at p. 374.)

### 4. The Trial Court Properly Concluded the Redacted Records Were Not Exempt from Disclosure Under the Pending Litigation Exemption

■ Turning to the billing and payment records at issue in this case, the trial court reasonably found that, based on the evidence before it, the records in question were not prepared for use in litigation as that term is explained in the appellate decisions. This is true even though the records in question *relate* to pending litigation and, indeed, would not have existed but for the pending litigation.

At best this case presents the " 'dual purpose' " situation described in *Fairley*. (*Fairley, supra,* 66 Cal.App.4th at p. 1420.) As such, the trial court was required to determine the dominant purpose for the preparation of the records. (*Ibid.*) Although in a CPRA review appellate courts consider legal issues under the de novo standard, we apply "the substantial evidence test with respect to any issues of fact. [Citation]." (*City of Hemet v. Superior Court, supra,* 37 Cal.App.4th p. 1416.)

The documents that the trial court ordered produced were the invoices to the County's law firm in the *Venegas* action, the payment records to the firm, and, as redacted to exclude work product information, the time records of the firm for that matter. The trial court found that the documents "were prepared in connection with [*Venegas*] but not specifically for use in that case. Rather they were prepared as an incident to the lawsuit as part of the retainer agreement between [the County's outside counsel] and the County." A fair reading of these findings is that the court concluded the dominant purpose for preparing the documents was not for use in litigation but as part of normal recordkeeping and to facilitate the payment of attorney fees on a regular basis. That such documents may have an ancillary use in litigation—for example, in connection with a request for attorney fees—does not undermine the substantial evidence before the trial court that the dominant purpose of the records was not for use in litigation.[6]

Because substantial evidence supports the trial court's decision, we deny the petition for a writ of mandate.

---

[6] To the extent findings could have been more explicit in the statement of decision, petitioner's failure to request a more detailed statement means we imply all necessary findings. (*In re Marriage of Arceneaux* (1990) 51 Cal.3d 1130, 1133–1134 [275 Cal.Rptr. 797, 800 P.2d 1227].)

## DISPOSITION

The petition for writ of mandate is denied. Real party in interest is entitled to recover her costs in this writ proceeding. (Cal. Rules of Court, rule 8.493(a)(1)(A).)

Grimes, J., and Sortino, J.,* concurred.

On December 3, 2012, the opinion was modified to read as printed above. Petitioner's petition for review by the Supreme Court was denied February 20, 2013, S207610.

---

*Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.