Filed 5/29/14  HR Management v. County of Contra Costa CA1/5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| HR MANAGEMENT CORP., INC.,<br><br>        Plaintiff and Appellant,<br><br>v.<br><br>COUNTY OF CONTRA COSTA,<br><br>        Defendants and Respondents. | A139841<br><br>(Contra Costa County<br>Super. Ct. No. N130739) |

HR Management Corp., Inc. (HRM) appeals from a superior court order discharging an alternative writ issued in connection with HRM's efforts to obtain records under the California Public Records Act ("the Act"; Gov. Code, § 6250 et seq.)[1] and denying HRM's request for attorney fees.  We conclude the substantive challenges to the court's order are nonappealable and affirm the denial of fees.

## I.  BACKGROUND

Under the Act, "access to information concerning the conduct of the people's business is a fundamental and necessary right of every person in this state."  (§ 6250.)  As a general rule, public records are open to inspection at all times during office hours "and every person has the right to inspect any public record, except as hereafter provided."  (§ 6253, subd. (a).)  In addition to specific exemptions set forth in the code, the Act

---

[1]  Further statutory references are to the Government Code unless otherwise indicated.

1

contains a catchall provision that allows agencies to "justify withholding any record by demonstrating that . . . on the facts of the particular case the public interest served by not disclosing the record clearly outweighs the public interest served by disclosure of the record." (§ 6255, subd. (a).)

In March 2013, the County of Contra Costa (County) issued Request for Proposal No. 1302-004 (RFP) seeking bids to provide employment services to former inmates under the County's community corrections program. Under the RFP timeline, the deadline for submissions was April 19, the notification of award recommendations would be made May 2, appeals could be presented from May 3–8, and the county board of supervisors would approve and authorize the contracts in a meeting tentatively scheduled to occur May 21.

HRM submitted a proposal, but was not identified as the best qualified service provider. On May 1, 2013, HRM made a request under the Act for documents relating to the bids of the two successful vendors, including the complete proposals of those vendors, a copy of the scoring sheets used by the County to rate those vendors, the time stamps confirming when the proposals of those vendors were received, documents "confirming the qualifications" of the panel evaluating the proposals, and copies of the score sheets and notes regarding all vendors considered.

On May 10, 2013, the County sent HRM a written response acknowledging it possessed documents responsive to the request and seeking clarification of what was meant by documents confirming the qualifications of the panel. With the exception of the proposals by the successful vendors, documents responsive to HRM's request were provided during the following week. The County indicated it would disclose the successful vendors' proposals after the board of supervisors awarded the contracts, as it was expected to do at its May 21 meeting.

In support of its decision to delay disclosure of the proposals until an award was made, the County cited Section 25-4.404(f) of the Contra Costa County Code, which provides: "Contracts, Bids and Proposals. Contracts, contractors' bids, responses to requests for proposals and all other records of communications between the county and

2

person or firms seeking contracts shall be open to inspection immediately after a contract has been awarded." The County also relied on the state Supreme Court's decision in *Michaelis, Montanari & Johnson v. Superior Court* (2006) 38 Cal.4th 1065, 1073 (*Michaelis*), which held the public disclosure of competitive proposals may await the conclusion of an agency's negotiating process "as long as a reasonable time remains for public input before the Board's final award is made."

On May 20, 2013, the day before the board of supervisors was scheduled to act, HRM filed a petition for writ of mandamus in superior court seeking (1) an alternative or peremptory writ requiring the County to produce all documents identified in its request under the Act before awarding any contracts; (2) a temporary stay of any award of a contract for 11 days following the disclosure of such documents; and (3) attorney fees.[2] With the concurrence of the County, the court issued an alternative writ of mandamus ordering the County to produce the documents prior to the execution of any contract or show cause why such documents should not be produced. The court also ordered a temporary stay of the execution of any contract until 72 hours after all responsive records were produced. No attorney fees were awarded to HRM.

On May 21, 2013, the board of supervisors approved the award of contracts to the successful vendors as recommended. On that same day, the County delivered to HRM the proposals of the successful vendors. After 10 days had elapsed, the County executed contracts with those vendors.

On May 29, 2013, HRM filed a petition for writ of mandamus with this court seeking the production of the requested documents prior to the award of the contracts, a stay of the award of the contracts, a declaration that Contra Costa County Code section 25-4.404(f) was void, and an award of attorney fees. The petition was summarily denied in an order noting the insufficiency of the record provided to this court and the probable mootness of certain issues in light of the apparent award of the contracts on May 21. The

---

[2] The writ petition also named Lara DeLaney, an administrator with the County, as a respondent. DeLaney is not a party to this appeal.

3

order also noted the appealability of orders regarding attorney fees and costs in proceedings under the Act.

On June 11, 2013, the County filed a return to the writ petition filed by HRM in superior court, accompanied by exhibits showing it had complied with the writ by producing the requested documents. The County also filed a demurrer seeking the dismissal of the writ petition on the ground the County had complied with the writ and the matter was now moot, due to the County having awarded the contracts. On June 12, HRM filed a motion seeking over $15,000 in attorney fees and costs under section 6259, subdivision (d). The County opposed an award of fees, arguing HRM was not the prevailing party because the litigation did not result in the disclosure of any documents other than those the County had indicated it would produce, and did not affect the timing of those disclosures.

At a hearing held July 19, 2013, the superior court issued the following tentative ruling: "Upon ex parte application this Court denied the request of [HRM] for an order that certain bidding records be produced under the [P]ublic [R]ecords [A]ct before any bid could be accepted. As such a procedure would unfair[ly] prejudice bidders the Court refused such a process. The Court did, with the concurrence of the County, issue an order that after the winning bids were considered and contracts awarded, disclosure would occur. It did. [HRM] acknowledges that it has received, in a timely manner, the documents it desired. [¶] Based upon this the Court finds that the Petition has become moot. Sustaining the demurrer and dismissing the Petition is the appropriate action by the Court." After hearing argument, the court modified the tentative ruling and ruled (1) the demurrer was moot; (2) the parties had agreed in open court to dismiss the matter; and (3) the alternative writ was discharged. The court denied HRM's motion for attorney fees, having determined HRM was not a prevailing party. HRM appeals.

## II. DISCUSSION

HRM raises three arguments on appeal: (1) The timing of the disclosure of the successful vendors' proposals violated the Supreme Court's decision in *Michaelis*, *supra*, 38 Cal.4th at page 1073, which requires disclosure of such documents at a point that

4

ensures "a reasonable time remains for public input before . . . the final award"; (2) Contra Costa County Code section 25-4.404(f), which provides for disclosure *after* an award has been made, is invalid because it is contrary to *Michaelis*; and (3) HRM was entitled to fees as a prevailing party under the Act because the trial court granted its writ petition in part and directed the timing of the County's production of documents.

The first two issues are not properly before us on appeal. A trial court order granting or denying a request for disclosure of public records under the Act is not appealable "but shall be immediately reviewable by petition to the appellate court." (§ 6259, subd. (c); *Powers v. City of Richmond* (1995) 10 Cal.4th 85, 89; see also *Filarsky v. Superior Court* (2002) 28 Cal.4th 419, 426; *County of Los Angeles v. Superior Court* (2012) 211 Cal.App.4th 57, 62.) HRM sought review of the trial court's order by filing an unsuccessful petition for writ of mandamus in this court, raising the same challenges it now presents on appeal. The prior writ petition was the "sole and exclusive means to challenge the trial court's ruling." (*MinCal Consumer Law Group v. Carlsbad Police Dept.* (2013) 214 Cal.App.4th 259, 264.) There being no appealable order or judgment, we lack the jurisdiction to consider HRM's challenges to the timing of the document disclosures and the validity of Contra Costa County Code section 25-4.404(f). (*Id*. at p. 263.)

The order denying attorney fees, by contrast, is appealable as a final judgment. (*Los Angeles Times v. Alameda Corridor Transportation Authority* (2001) 88 Cal.App.4th 1381, 1388-1389 (*Los Angeles Times*) [order denying attorney fees is appealable even when underlying order is not].) The County acknowledges as much. We therefore consider HRM's challenge to the denial of fees on its merits.

In a proceeding under the Act, "[t]he court shall award court costs and reasonable attorney fees to the plaintiff should the plaintiff prevail in litigation filed pursuant to this section." (§ 6259, subd. (d).) We review a trial court's determination of whether a litigant is a prevailing party for abuse of discretion, deferring to any factual findings made by the court that are supported by substantial evidence. (*Garcia v. Bellflower Unified School Dist. Governing Bd.* (2013) 220 Cal.App.4th 1058, 1064.) " 'An abuse of

5

discretion occurs if, in light of the applicable law and considering all of the relevant circumstances, the court's decision exceeds the bounds of reason and results in a miscarriage of justice. . . . We presume that the court properly applied the law and acted within its discretion unless the appellant affirmatively shows otherwise.' " (*Ibid.*)

A plaintiff prevails under the Act " 'when he or she files an action which results in defendant releasing a copy of a previously withheld document.' " (*Los Angeles Times*, *supra*, 88 Cal.4th at p. 1391.) An action "resulted in" the release of documents when it motivated the defendants to produce the documents. (*Crews v. Willows Unified School Dist.* (2013) 217 Cal.App.4th 1368, 1382.) "Cases denying attorney fees to a plaintiff under the act have done so because substantial evidence supported a finding that the 'litigation did *not* cause the [agency] to disclose any of the documents ultimately made available . . . .' " (*Los Angeles Times*, at p. 1391.)

Substantial evidence supports the trial court's implicit determination that HRM's writ proceeding did not cause the County to disclose any documents to HRM that it would not have otherwise disclosed. HRM offers no argument to the contrary. Instead, it argues a plaintiff may be deemed a prevailing party if the action taken requires a public agency to disclose the successful bidders "promptly." But it cites no facts suggesting the trial court's order resulted in the disclosure of the successful bids at a date earlier than the County would have otherwise provided them.

The County agreed to produce the documents requested by HRM when it was first presented with HRM's request, but indicated it would not provide the proposals of the successful bidders until the board of supervisors had approved the award. Seeking immediate disclosure, HRM filed a writ in superior court. The court did not require the County to immediately disclose the documents that were in dispute but, with the County's approval, ordered the documents produced prior to the *execution* of the contracts, and ordered the execution of the contracts stayed until 72 hours after all responsive records were produced. Thus, it appears the order granting the writ simply directed the County to do what it was already willing to do, and did not "activat[e] [it] to modify [its] behavior." (*Barnardi v. County of Monterey* (2008) 167 Cal.App.4th 1379,

1393.)  The court did not abuse its discretion in concluding HRM was not a prevailing party under the circumstances.

## III.  DISPOSITION

That portion of the appeal challenging the order discharging the alternative writ is dismissed as having been taken from a nonappealable order.  The order denying attorney fees is affirmed.  Ordinary costs on appeal are awarded to the County (respondent).

_____
NEEDHAM, J.

We concur.

_____
JONES, P.J.

_____
BRUINIERS, J.