Filed 1/22/21  Pierce v. Heiple CA2/1

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| KIP PIERCE,<br><br>    Plaintiff and Appellant,<br><br>    v.<br><br>LISA HEIPLE,<br><br>    Defendant and Respondent. | B300825<br><br>(Los Angeles County<br>Super. Ct. No. BC663601) |

APPEAL from an order of the Superior Court of Los Angeles County, Monica Bachner, Judge.  Affirmed.

Kip Pierce, in pro. per., for Plaintiff and Appellant.

Law Offices of Gary E. Shoffner and Gary E. Shoffner for Defendant and Respondent.

_____

Defendant and respondent Lisa Heiple (defendant) prevailed on an anti-SLAPP motion striking the causes of action alleged against her by her ex-husband, plaintiff and appellant Kip Pierce (plaintiff).[1] Plaintiff then filed a series of unsuccessful motions in the trial court seeking to overturn that ruling. Following judgment, defendant sought an additional award of attorney fees and costs under the anti-SLAPP statute for responding to those motions. The trial court granted the requested fees and costs with minor reductions.

On appeal, plaintiff argues that the trial court did not limit the award to fees and costs incurred in relation to the anti-SLAPP motion, that defendant's attorney's declaration in support of the fees request was deficient, that various line items in the declaration were improper, and that the trial court erred in granting the anti-SLAPP motion in the first place. These arguments are without merit, forfeited, or both. Accordingly, we affirm.

## PROCEDURAL HISTORY

### 1. Proceedings leading to judgment

In June 2017, plaintiff, in propria persona, filed a complaint alleging four causes of action against defendant for purportedly attempting to assert a fraudulent lien against settlement proceeds plaintiff obtained in a separate lawsuit. The complaint alleged an additional cause of action for aiding and abetting against defendant's then-husband, Jeff Heiple.

---

[1] Plaintiff appears in propria persona, as he did in the trial court.

2

Defendant and Jeff Heiple did not appear and the trial court entered default against them. Before plaintiff could obtain a default judgment, however, defendant appeared and successfully moved the trial court to vacate her default on January 5, 2018.

Three days after the trial court vacated her default, defendant filed a special motion to strike under Code of Civil Procedure[2] section 425.16, the anti-SLAPP statute. The trial court granted the motion on February 5, 2018, striking the four causes of action alleged against defendant. The trial court also awarded defendant $10,910 in attorney fees and $60 in costs under section 425.16, subdivision (c).

Plaintiff filed an appeal from the grant of the anti-SLAPP motion but abandoned the appeal before filing his opening brief.[3] In addition, he filed a motion for a new trial on the anti-SLAPP motion, and a motion under section 473, subdivision (d) seeking to set aside both the vacation of defendant's default and the grant of the anti-SLAPP motion. The trial court denied plaintiff's motions.

In a later hearing, the trial court sua sponte issued an order to show cause why it should not dismiss the case, reasoning that defaulting defendant Jeff Heiple's liability as an aider and abettor was derivative of defendant's liability, and defendant was shielded by the favorable anti-SLAPP ruling. Plaintiff then filed two more motions under section 473, subdivision (d), again

---

[2] Undesignated statutory citations are to the Code of Civil Procedure.

[3] On our own motion, we take judicial notice of the record in Case No. B289292. (Evid. Code, § 452, subd. (d).)

3

seeking to set aside both the vacation of defendant's default and the grant of the anti-SLAPP motion.  Plaintiff also filed a motion for leave to file an amended complaint, and an opposition to the trial court's order to show cause regarding dismissal.

The trial court denied the motions under section 473, subdivision (d) and dismissed the complaint with prejudice.  The trial court vacated the hearing on the motion for leave to amend the complaint, which was scheduled to be heard months later, and entered judgment against plaintiff.  Plaintiff appealed, and we affirmed the judgment.  (*Pierce v. Heiple* (Dec. 21, 2020, B298594) [nonpub. opn.].)

## 2.     Motion for additional attorney fees

Following entry of judgment, defendant filed a motion under section 425.16 for additional attorney fees and costs incurred in responding to filings by plaintiff "in an attempt to undermine or reverse" the anti-SLAPP ruling.  Defendant identified nine such filings:  1) a request by plaintiff for a statement of decision; 2) the motion for a new trial; 3) the abandoned appeal; 4) a withdrawn motion for reconsideration of the denial of the new trial motion; 5) the first motion to set aside the vacation of default and the anti-SLAPP ruling; 6) a withdrawn motion for reconsideration of the denial of the motion to set aside; 7) the second motion to set aside the order vacating defendant's default; 8) the motion for leave to file an amended complaint; and 9) the second motion to set aside the anti-SLAPP ruling.  Defendant also sought fees and costs for preparing the proposed judgment and for bringing the motion for additional attorney fees.

Defendant requested $13,746 in fees and $400.52 in costs, plus estimated fees of $2,001 and costs of $98.52 for the fees

4

motion itself.  Defendant supported her motion with a declaration from her attorney listing the tasks performed and the time expended for each, as well as expenses incurred.  The declaration stated that the attorney's reasonable hourly rate was $435, noting that the trial court had awarded fees at that hourly rate when it granted the anti-SLAPP motion originally.  The declaration also described two of the attorney's other cases from 2014 and 2016 in which courts calculated the fees award at an hourly rate of $425 and $435, respectively.

Plaintiff opposed the motion.  He argued defendant was not entitled to fees because his complaint was not baseless or frivolous, and defendant did not prevail on the fourth cause of action, which was the cause of action asserted against Jeff Heiple.  Plaintiff contended defendant had cited no authority for recovering fees for preparing the judgment or responding to plaintiff's filings concerning the vacation of defendant's default. Plaintiff claimed defendant should not recover for preparing the fees motion because that was done at the trial court's behest and "not prompted by Defendant."  Plaintiff contended defendant had incurred no costs for responding to the abandoned appeal.

Plaintiff further argued the time entries in the attorney declaration were "inflated, noncredible, [and] often vaguely documented."  He claimed there was no evidence to support the declaration, which he characterized as consisting of padded hours and block billing.  He claimed the declaration did not accurately reflect that a "senior person" was "actually doing lower-level work" in some cases.  In making these arguments, defendant did not identify any specific time entries in the attorney declaration to which he was referring.

5

Plaintiff also argued defendant should not recover fees and costs for certain categories of tasks. He claimed fees and costs related to travel, mileage, and parking were unnecessary because defendant's attorney could have appeared telephonically. He challenged expenses for document retrieval, claiming that he had provided all necessary documents to defendant and, by extension, her attorney. He claimed that defendant's attorney had "spen[t] time reviewing documents prematurely." Again, in making these challenges, plaintiff did not identify any particular time entries in the attorney declaration to which he objected.

Defendant filed a reply, which included an adjusted fees and costs request of $2,749.50 and $98.52, respectively, for the fees motion itself, as opposed to the estimated amounts in the original motion.

At the hearing on the fees motion, plaintiff invoked section 1033.5, and claimed that some of the fees and expenses sought by defendant were "not covered under that statute." The trial court interrupted to ask a question on another issue, and then plaintiff continued, citing section 1033.5, section 1032, and two cases for the proposition that some of the "fees" sought by defendant "are not reasonable and shouldn't be allowed." Plaintiff did not identify the fees or expenses to which he was referring.

The trial court issued a written order in which it ruled defendant was entitled to recover additional fees and costs "that were necessary in litigating her award of attorneys' fees and otherwise related to Plaintiff's attempts to overturn the Court's ruling on Defendant's special motion to strike." The court found "most of Defendant's requests for attorneys' fees are reasonable and supported," but reduced the request to reflect fees and costs that were "not sufficiently related to Defendant's enforcement of

6

the ruling granting her special motion to strike and/or were unnecessarily incurred . . . ." The court identified by number the specific entries in the attorney declaration that it would not award to defendant, namely entries pertaining to retrieval of documents, preparing the proposed judgment, and reviewing the abandoned appeal.[4]  Applying those reductions, the trial court awarded defendant $15,660 in fees and $368.44 in costs, for a total of $16,028.44.

Plaintiff timely appealed from the order.

## STANDARD OF REVIEW

A trial court's decision as to " 'the propriety or amount of statutory attorney fees to be awarded' " is reviewed for abuse of discretion, whereas " 'a determination of the legal basis for an attorney fee award is a question of law to be reviewed de novo.' " (*Mountain Air Enterprises, LLC v. Sundowner Towers, LLC* (2017) 3 Cal.5th 744, 751.)

---

[4]  The trial court also stated in its written order that it would reduce the award by the amounts incurred for "request for a statement of decision review."  None of the specific time entries identified by the trial court for reduction, however, pertains to plaintiff's request for a statement of decision, nor did the court's ultimate calculation of the reduced fees and costs include a reduction for any charges related to that request.  The parties do not comment on this in their appellate briefing, and plaintiff makes no argument specific to the fees and costs related to the statement of decision, so we need not resolve this discrepancy.

# DISCUSSION

## A. Defendant Could Recover Fees and Costs Incurred in Responding to Plaintiff's Attempts to Overturn the Trial Court's Grant of the Anti-SLAPP Motion

Plaintiff argues that under the anti-SLAPP statute, a defendant may recover only the fees and costs for the motion to strike, but here the trial court "allowed additional fees contrary to law for the entire litigation."

Plaintiff mischaracterizes the trial court's ruling, which did not award fees and costs "for the entire litigation," as plaintiff claims, but only the fees and costs the trial court determined "were necessary in litigating [defendant's] award of attorneys' fees and otherwise related to Plaintiff's attempts to overturn the Court's ruling on Defendant's special motion to strike."

This was proper. The purpose of the anti-SLAPP statute is "to provide a procedural remedy to dispose of lawsuits that are brought to chill the valid exercise of constitutional rights." (*Rusheen v. Cohen* (2006) 37 Cal.4th 1048, 1055–1056.) Accordingly, the statute provides that "[a] cause of action against a person arising from any act of that person in furtherance of the person's right of petition or free speech under the United States Constitution or the California Constitution in connection with a public issue shall be subject to a special motion to strike, unless the court determines that the plaintiff has established that there is a probability that the plaintiff will prevail on the claim." (§ 425.16, subd. (b)(1).)

Section 425.16, subdivision (c)(1), provides in relevant part that "a prevailing defendant on a special motion to strike shall be entitled to recover his or her attorney's fees and costs." This provision "is intended to compensate a defendant for the expense

8

of responding to a SLAPP suit.  [Citation.]  To this end, the provision 'is broadly construed so as to effectuate the legislative purpose of reimbursing the prevailing defendant for expenses incurred in extracting herself from a baseless lawsuit.' [Citation.]" (*Wanland v. Law Offices of Mastagni, Holstedt & Chiurazzi* (2006) 141 Cal.App.4th 15, 22 (*Wanland*).)

Courts have not limited the award of fees and costs under section 425.16, subdivision (c) to those incurred in bringing the anti-SLAPP motion.  For example, courts have also allowed an award of fees and costs for responding to an appeal from the grant of the anti-SLAPP motion (*Morrow v. Los Angeles Unified School Dist.* (2007) 149 Cal.App.4th 1424, 1446), and for bringing the fees and costs motion itself (*Ketchum v. Moses* (2001) 24 Cal.4th 1122, 1141).

In *Wanland*, the Court of Appeal held that a defendant also could recover fees and costs incurred in challenging the sufficiency of a plaintiff's undertaking submitted to stay enforcement pending appeal.  (*Wanland*, *supra*, 141 Cal.App.4th at p. 21.)  The *Wanland* court reasoned that were it not to allow the award, "the protection provided to a defendant who is brought into court for exercising free speech and petition rights would be compromised.  This would be inconsistent with the Legislature's directive that section 425.16 be broadly construed to encourage continued participation in free speech and petition activities." (*Wanland*, at p. 22.)

In the instant case, plaintiff abandoned his appeal from the order granting the anti-SLAPP motion, but nonetheless challenged the order by, inter alia, moving for a new trial and twice seeking to set aside the order under section 473, subdivision (d).  Defendant had to respond to these challenges in

9

order to preserve the trial court's order and " 'extract[ ] herself from a baseless lawsuit.' " (*Wanland*, *supra*, 141 Cal.App.4th at p. 22.) The trial court properly could award defendant fees and costs incurred in doing so.

Plaintiff's cited authority does not hold otherwise. *Lafayette Morehouse, Inc. v. Chronicle Publishing Co.* (1995) 39 Cal.App.4th 1379 held that the anti-SLAPP fees provision applies only to the motion to strike, "not the entire suit." (*Id.* at p. 1383; see also *S. B. Beach Properties v. Berti* (2006) 39 Cal.4th 374, 381 [anti-SLAPP fees provision " 'applies only to the motion to strike, and not to the entire action.' "].) As we have explained, the trial court did not apply the fees provision to the entire litigation, but only to the fees and costs it determined were incurred in connection with the motion to strike. Neither *Lafayette Morehouse* or *S. B. Beach Properties* addresses the application of the fees provision to attempts to overturn a grant of an anti-SLAPP motion.

*City of Industry v. City of Fillmore* (2011) 198 Cal.App.4th 191 held that attorney fees incurred months before a complaint was filed or "a special motion to strike was even contemplated" were not "incurred in connection with the special motion to strike and thus are not recoverable." (*Id.* at p. 219.) Those facts are not present here, where all of the requested fees and costs were incurred after the anti-SLAPP motion was filed.

Apart from his incorrect assertion that the trial court awarded fees and costs for the entire litigation, plaintiff does not challenge any particular fees or costs as unrelated to the anti-SLAPP motion and therefore outside the scope of section 425.16, subdivision (c). In challenging a fee award, "[g]eneral arguments that fees claimed are excessive, duplicative, or unrelated do not

10

suffice." (*Premier Medical Management Systems, Inc. v. California Ins. Guarantee Assn.* (2008) 163 Cal.App.4th 550, 564 (*Premier Medical*).)

To the extent plaintiff objected in the trial court to certain expenditures as unrelated to the anti-SLAPP proceedings, he has not reasserted those objections on appeal, thereby forfeiting them. (See *Osornio v. Weingarten* (2004) 124 Cal.App.4th 304, 316, fn. 7 [contention raised below but not advanced on appeal waived].) Plaintiff therefore provides no basis to question the trial court's determination as to which fees and costs properly related to the anti-SLAPP motion, and we express no opinion on that subject.

## B. Plaintiff Fails to Demonstrate Any Deficiencies in the Attorney Declaration

Plaintiff raises a number of issues with defendant's attorney's declaration submitted in support of defendant's motion for fees and costs. He claims the lack of dates identifying when particular tasks were done indicates "padding," which plaintiff defines as "the practice of inflating actual time spent on a task to fill in gaps of unaccounted-for time." He claims the declaration only provides a summary of the work done, without "a clear and concise description[ ] of the attorney[']s activities." He argues the declaration consists of "vague, block-billed time entries." He claims the declaration is deficient for lack of attached invoices "to support the actual time spent on the work the attorney did."

These challenges are not well taken. " 'California courts do not require detailed time records, and trial courts have discretion to award fees based on declarations of counsel describing the work they have done and the court's own view of the number of hours reasonably spent. [Citations.]' [Citations.]"

11

(*Syers Properties III, Inc. v. Rankin* (2014) 226 Cal.App.4th 691, 698–699 (*Syers*).) "[T]here is no legal requirement that an attorney supply billing statements to support a claim for attorney fees," and " '[a]n attorney's testimony as to the number of hours worked is sufficient evidence to support an award of attorney fees . . . .' " (*Mardirossian & Associates, Inc. v. Ersoff* (2007) 153 Cal.App.4th 257, 269.) Plaintiff appears to cite *County of Los Angeles v. Superior Court* (2012) 211 Cal.App.4th 57, 67 for the proposition that a fees declaration must be supported by invoices, but that case has nothing to do with that issue, instead addressing whether certain attorney invoices were subject to disclosure under the California Public Records Act. (*Ibid.*)

Plaintiff's characterization of the declaration is also inaccurate. The declaration provides a summary of the hours spent responding to each of plaintiff's filings, but then follows that summary with a detailed breakdown of each task performed. There is nothing vague about the entries. Although there are no dates listed, it is not evident to us why that information would be helpful to the trial court. As the authorities quoted above demonstrate, detailed records are not required, and the trial court could rely on the declaration and its " 'own view of the number of hours reasonably spent.' " (*Syers*, *supra*, 226 Cal.App.4th at p. 698.)

Plaintiff also disputes the hourly rate claimed in the attorney declaration as lacking supporting documentation. Plaintiff cites no authority that a declaration is not itself sufficient to establish an attorney's hourly rate; he merely claims, without citation, that an attorney's claimed hourly rate should be supported by a "declaration from other counsel attesting to their rates or the prevailing market rate." Here defendant's attorney

12

supported his claimed hourly rate with reference to the previous fee award in the case and two earlier cases setting a comparable hourly rate for his services.  Plaintiff cites no authority that a trial court abuses its discretion by relying on such evidence.

Plaintiff argues defendant's attorney is not a credible witness.  "[W]itness credibility is a matter within the exclusive province of the trial court, not us."  (*Cornerstone Realty Advisors, LLC v. Summit Healthcare REIT, Inc.* (2020) 56 Cal.App.5th 771, 804–805.)  The trial court found the attorney credible, and we will not disturb that determination.

## C.  Plaintiff's Challenges to Particular Line Items Are Forfeited

Plaintiff identifies particular line items in the attorney declaration he contends are improper.  For example, he claims some are inaccurate, or are not allowable as costs under section 1033.5.  We decline to address these line-specific challenges because plaintiff raised none of them in the trial court.  In challenging an award of attorney fees, "it is the burden of the challenging party to point to the specific items challenged, with a sufficient argument and citations to the evidence.  General arguments that fees claimed are excessive, duplicative, or unrelated do not suffice.  Failure to raise specific challenges in the trial court forfeits the claim on appeal."  (*Premier Medical*, *supra*, 163 Cal.App.4th at p. 564.)

Plaintiff argued broadly below that defendant should not recover fees and costs related to travel, document retrieval, and "premature[ ]" review of documents, and invoked section 1033.5, but never identified for the trial court any particular charges to which he objected on these grounds.  Nor, apart from the general reference to section 1033.5, did he offer any authority suggesting

13

those fees and costs were not recoverable. Plaintiff therefore forfeited any challenge to those specific line items. We note that the trial court actually did exclude some of the line items plaintiff purports to challenge on appeal, namely costs to retrieve documents, which plaintiff fails to acknowledge.

Also forfeited is plaintiff's claim that defendant's memorandum of costs was untimely, a contention never raised in the trial court.

Plaintiff contends the trial court rushed him at the hearing on defendant's fees motion, thereby "prejudicing" him "by not allowing him to finish his arguments." To the extent plaintiff offers this to explain why he did not more specifically argue certain points below, we reject it. Our review of the reporter's transcript indicates the trial court gave plaintiff ample opportunity to make his arguments. Any purported "rushing" during the hearing, moreover, would not explain plaintiff's failure to include more specific challenges in his written opposition.

**D.   Plaintiff's Challenges to the Grant of the Anti-SLAPP Motion Are Untimely And Not Properly Before Us in This Appeal**

Plaintiff contends the trial court wrongly granted defendant's anti-SLAPP motion in the first place, and thus erred in granting defendant fees and costs. Specifically, plaintiff claims that anti-SLAPP motion was untimely and that the trial court wrongly concluded that defendant's alleged conduct was protected under section 425.16.

The trial court granted the anti-SLAPP motion in February 2018, and the time to challenge it on appeal is long past. (See Cal. Rules of Court, rule 8.104(a)(1).) We have also affirmed the judgment in this case in plaintiff's previous appeal. We will not,

14

and indeed cannot, revisit the merits of the underlying rulings in this appeal from a motion for attorney fees.[5]

Plaintiff argues that his lawsuit was neither baseless nor frivolous, and therefore defendant should not be entitled to fees and costs. It is beyond dispute at this point that defendant prevailed on an anti-SLAPP motion, and therefore is entitled to fees and costs under section 425.16, subdivision (c).

### DISPOSITION

The order granting attorney fees and costs to defendant is affirmed. Defendant is awarded her costs on appeal. Defendant also is entitled to attorney fees on appeal, which she may seek through an appropriate motion in the trial court.

NOT TO BE PUBLISHED.

BENDIX, J.

We concur:

ROTHSCHILD, P. J.

CHANEY, J.

---

[5] Plaintiff's request for judicial notice, filed December 2, 2020, pertains to the merits of the anti-SLAPP motion and is denied as irrelevant to this appeal.